OPINION
{¶ 1} Defendant-Appellant Rodney Dunn appeals from the denial of his untimely petition for post-conviction relief. Because the trial court properly denied the petition, the judgment of the trial court will be affirmed.
 I {¶ 2} In April, 2003 Dunn pled guilty to reduced charges of murder and aggravated burglary in connection with the death of his wife. On appeal Dunn's counsel filed a brief pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, asserting that counsel was unable to identify any potentially meritorious viable issues for our review. Dunn filed no brief of his own. We affirmed his convictions, specifically finding that "Dunn knowingly, intelligently, and voluntarily pled guilty to the . . . charges as part of a plea agreement." State v. Dunn (June 18, 2004), Montgomery App. No. 20108.
 {¶ 3} During the pendency of his direct appeal, Dunn filed a motion to withdraw his guilty plea, which the trial court denied, finding that "There simply is no evidence that Defendant made anything other than a knowing and informed decision to plead to the lesser charge of murder rather than stand trial for the aggravated murder of his wife."
 {¶ 4} Nearly seventeen months after he entered his pleas, Dunn filed a petition for post-conviction relief, again alleging that his pleas were not voluntarily entered. The trial court dismissed that petition because it was untimely. Dunn now appeals from that decision.
 II {¶ 5} Dunn's sole assignment of error:
 {¶ 6} "THE APPELLANT'S GUILTY PLEA IS INVALID, DUE TO THE COERCIVE, DECEPTIVE TACTICS BY DETECTIVES, WHICH IS A VIOLATION OF THE APPELLANT'SFIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."
 {¶ 7} When a petitioner for post-conviction relief is also pursuing a direct appeal of his conviction, his petition must be filed no later than 180 days after the transcript of proceedings was filed in the court of appeals. R.C. § 2953.21(A)(2). Dunn's transcript was filed on February 6, 2004, which means that for his petition to be timely, it had to have been filed no later than August 4, 2004. However, Dunn filed his petition five weeks later, on September 17, 2004. Failure to file on time defeats the jurisdiction of the trial court to consider the petition unless the untimeliness is excused under R.C. § 2953.23. State v. Brewer (May 14, 1999), Montgomery App. No. 17201; State v. Ayers (Dec. 4, 1998), Montgomery App. No. 16851.
 {¶ 8} Nevertheless, pursuant to R.C. § 2953.23(A), a defendant may file an untimely petition for post-conviction relief if he demonstrates that he was unavoidably prevented from discovering the facts upon which he relies to present his claim or, if the United States Supreme Court recognizes a new right that petitioner alleges applies retroactively to his situation, the petitioner shows by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder could have found him guilty.
 {¶ 9} However, Dunn made none of these allegations. Because he failed to satisfy any of the conditions that could excuse an untimely filing, the trial court properly dismissed the petition.
 III {¶ 10} Having overruled Dunn's sole assignment of error, we will affirm the judgment of the trial court.
 . . . . . . . . . .
Brogan, P.J. and Fain, J., concur.